IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

TERRELL MCQUEEN,

        Plaintiff,

v.                                        CIVIL ACTION NO. 5:19cv131
                                                    (Judge Stamp)

UNITED STATES OF AMERICA,

        Defendant.

**REPORT AND RECOMMENDATION**

**I.    INTRODUCTION**

On March 22, 2019, the *pro se* Plaintiff, an inmate at FCI Hazelton, in Bruceton Mills, West Virginia, filed the above-styled action petition pursuant to the Federal Tort Claims Act. ECF No. 1. This matter is assigned to the Honorable Frederick P. Stamp, Jr., United States District Judge, and is referred to the undersigned United States Magistrate Judge for submission of a proposed disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

**II.  THE COMPLAINT**

The Plaintiff sets forth a serious of medical visits that took place at Ray Brook Health Services, including an examination by K. Sorrell ("Sorrell"), an Adult Nurse Practitioner around December 12, 2017 following a fall on November 28, 2017 and subsequently blurred vision. The Plaintiff maintains that Sorrell "stated to [him] during this visit that in order to save money for Ray Brook, [he] was going to be reassigned to a CARE 2." ECF No. 1-1 at 4. The Plaintiff maintains that Sorrell attempted to justify this reassignment by stating that he needed emergency care for his eye and there were no

ophthalmologists located at or near Ray Brook. The Plaintiff further alleges that Sorrell stated that he needed emergency care for the injury to his eye but did not attempt to locate proper care near Ray Brook. The Plaintiff indicates that he was transferred on December 5, 2017 and arrived at Canaan Correctional Institution where he was not seen for the ongoing progression of vision loss. The Plaintiff alleges that around January 31, 2018, he was transferred to Hazelton Correctional Institution. On February 20, 2018, he was seen in health service where it was noted he was seeing floaters. A retinal tear with long standing detachment was noted. The following day, he was taken to the West Virginia Eye Institute for an emergency consultation and care. On February 26, 2018, he was taken to Ruby Eye Institute and he was scheduled to return the next day for surgery. On February 27, 2018, he underwent surgery, which he indicates was bilateral laser surgery for a retinal detachment of the right eye and left eye retinal hole. In conclusion, the Plaintiff alleges that he would not have suffered long term damage to his right eye if he had been sent for an emergency consult by Sorrell. He maintains that Sorrell's negligence led to the delay in surgery and seeks $10,000,000 for the irreparable damage done to his eyes by Sorrell's negligence.

## II.     ANALYSIS

The Federal Tort Claims Act provides the federal district courts with jurisdiction to hear civil claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a private person would be liable for the conduct based on the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). A claim against the United States pursuant to this Act "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission

complained of occurred." 28 U.S.C. § 1402(b); see <u>Upchurch v. Piper Aircraft Corp.</u>, 736 F.2d 439 (8th Cir. 1984) (construing statute as venue statute).

The Plaintiff has not indicated where he resided before his incarceration and most circuit courts have held that a prisoner's place of incarceration is not his residence. <u>See Lindsey v. United States</u>, 2006 WL 2060651, 2 (N.D.W. Va. January 21, 2006) (noting circuit split on whether a prisoner's place of incarceration is his place of residence. In any event, the undersigned believes the most appropriate venue in this case is the Northern District of New York. The events underlying the Plaintiff's claim took place in Ray Brook, which is with the judicial district of Northern New York. Liability under the FTCA is based on the law of the state where the event giving rise to liability occurred. <u>See</u> 28 U.S.C. § 1346(b). Accordingly, the Federal District Court for the Northern District of New York provides the proper venue for the Plaintiff's pursuit of his FTCA claim alleging medical negligence.

## V.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Complaint [ECF No. 1] be **TRANSFERRED** to the United States District Court for the Northern District of New York.

**Within fourteen (14) days** after being served with a copy of this Recommendation, the Plaintiff may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL

P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: July 8, 2019

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE