IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TERRELL McQUEEN,

    Plaintiff,

v.                                           Civil Action No. 5:19CV131
                                                       (STAMP)
UNITED STATES OF AMERICA,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE,
SUSTAINING PLAINTIFF'S OBJECTION,
AND TRANSFERRING CIVIL ACTION**

I. Procedural History

The pro se[1] plaintiff, Terrell McQueen ("McQueen"), a federal inmate incarcerated at F.C.I. Hazelton in Bruceton Mills, West Virginia, filed the above-styled civil action pursuant to the Federal Tort Claims Act ("FTCA"). ECF No. 1. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

After review of the plaintiff's civil action, the magistrate judge entered an order requiring the payment of the $400.00 filing fee or completion of the forms to proceed in forma pauperis. ECF No. 8. Thereafter, the plaintiff filed a motion for leave to

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

proceed in forma pauperis (ECF No. 10). The magistrate judge entered a report and recommendation that plaintiff's motion be denied (ECF No. 13). Plaintiff then paid the $400.00 filing fee. ECF No. 15.

Upon review, this Court entered an order vacating the report and recommendation of the magistrate judge regarding the plaintiff's in forma pauperis motion (ECF No. 13), denying the plaintiff's in forma pauperis motion (ECF No. 10) as moot, and expressly finding that the plaintiff has paid the $400.00 filing fee. ECF No. 16.

Thereafter, the magistrate judge filed a report and recommendation recommending that plaintiff's FTCA action be transferred to the United States District Court for the Northern District of New York as it provides the proper venue for plaintiff's claim alleging medical negligence. ECF No. 17. The magistrate judge informed the plaintiff that if he objected to any portion of the report and recommendation, he was required to file written objections within 14 days after being served with copies of the report.

Plaintiff filed a timely motion requesting an extension of time to file objections to the report and recommendation issued by the magistrate judge. ECF No. 20. This Court entered an order granting the plaintiff's motion (ECF No. 21) and the plaintiff filed an objection to the report and recommendation. ECF No. 22.

II. <u>Background</u>

In his complaint, plaintiff sets forth allegations related to a series of medical visits that took place at Ray Brook Health Services, including an examination by Nurse Practitioner K. Sorrell ("Sorrell") related to plaintiff's alleged blurred vision and ongoing progression of vision loss. ECF No. 1. Ultimately, plaintiff alleges that he would not have suffered long term vision damage if he had been sent for an emergency consult by Sorrell and maintains that Sorrell's negligence led to the delay in surgery. <u>Id.</u> For relief, plaintiff seeks $10,000,000.00 for the irreparable damage done to his eyes by Sorrell's negligence. <u>Id.</u>

United States Magistrate Judge James P. Mazzone entered a report and recommendation. ECF No. 17. The magistrate judge noted that the Federal Tort Claims Act provides the federal district courts with jurisdiction to hear civil claims against the United States for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment," if a private person would be liable for the conduct based on the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). In addition, the magistrate judge noted that a claim against the United States pursuant to this Act "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b); <u>Upchurch v. Piper</u>


Aircraft Corp., 736 F.2d 439 (8th Cir. 1984) (construing statute as venue statute). Id. at 17. Specifically, the magistrate judge found that the plaintiff has not indicated where he resided before his incarceration and most circuit courts have held that a prisoner's place of incarceration is not his residence. Id.; see Lindsey v. United States, 2006 WL 2060651, 2 (N.D. W. Va. Jan. 21, 2006) (noting circuit split on whether a prisoner's place of incarceration is his place of residence). The magistrate judge concluded that the most appropriate venue in this case is the United States District Court for the Northern District of New York in that the events underlying the plaintiff's claim took place in Ray Brook, which is within the judicial district of Northern New York, and noted that liability under the FTCA is based on the law of the state where the event giving rise to liability occurred. Id.; see 28 U.S.C. § 1346(b). Therefore, the magistrate judge found that the United States District Court for the Northern District of New York provides the proper venue for the plaintiff's pursuit of his FTCA claim alleging medical negligence. Id.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation

4

to which an objection is timely made.  Because the plaintiff filed an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the plaintiff objected.  As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Because the plaintiff filed an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

IV. Discussion

This Court has conducted a de novo review of the magistrate judge's report and recommendation.  As the magistrate judge correctly determined, the United States District Court for the Northern District of New York provides the proper venue for the plaintiff's pursuit of his FTCA claim alleging medical negligence. Id.

As to the plaintiff's only objection to the report and recommendation, plaintiff notes that "[t]here is no mention in the R&R of the fact that I have in fact paid the filing fee of $400.00."  ECF No. 22.  Plaintiff requests that this Court "note in the record that the filing fees have been paid as it transfers this case to the U.S. District Court for the Northern District of New York."  Id.  Upon review, this Court finds that it is proper to sustain plaintiff's objection.  As stated in this Court's previous

5

order, the plaintiff has paid the $400.00 filing fee. ECF No. 16 (citing ECF No. 15).

Thus, this Court finds that it is appropriate to uphold the magistrate judge's recommendation, sustain the plaintiff's objection to the report and recommendation, and transfer this civil action to the United States District Court for the Northern District of New York.

V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 17) is hereby AFFIRMED and ADOPTED in its entirety. The plaintiff's objection (ECF No. 22) is SUSTAINED. Accordingly, it is hereby ORDERED that plaintiff's civil action brought pursuant to the FTCA (ECF No. 1) is hereby TRANSFERRED to the United States District Court for the Northern District of New York.

It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se plaintiff by certified mail.

DATED:        July 30, 2019

                                                 /s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE